# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 11, 2021

Lyle W. Cayce
Clerk

No. 20-10144
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Donna H. Woods,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-665-1

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Donna H. Woods appeals her conviction and sentence for conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, 1349, and three counts of wire fraud, in violation of § 1343. The district court sentenced Woods to a total of eighty-seven months of imprisonment and two

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10144

years of supervised release, granted the Government's motion for a $50,000 forfeiture money judgment against Woods, and further ordered Woods to pay restitution in the amount of $337,951.06 and a $25,000 fine.  On appeal, Woods contends that the evidence was not sufficient to show a kickback in support of the conspiracy offense, that the evidence was not sufficient to show an interstate commerce nexus on the substantive wire fraud offenses, that the evidence did not support the $50,000 forfeiture money judgment, and that the district court erred by applying a two-level enhancement for her role in the offense.  We AFFIRM.

In reviewing a preserved challenge to the sufficiency of the evidence, this court must determine whether "after viewing the evidence and all reasonable inferences in the light most favorable to the [Government], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (emphasis in original) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  The jury's conclusion that Woods benefitted from the scheme fraudulently to obtain E-Rate funds by virtue of a kickback was a rational construction of the evidence and the reasonable inferences drawn therefrom. *Id.* at 301–02. Viewing the evidence in the light most favorable to the verdict, the jury could have reasonably found that Woods and Donatus I. Anyanwu entered into an agreement fraudulently to obtain federal E-Rate funds for the benefit of the both of them, that Woods knew about the existence of the agreement, and that she willingly took steps to further the conspiracy.  *See Jackson*, 443 U.S. at 319; *United States v. Simpson*, 741 F.3d 539, 547–48 (5th Cir. 2014).  Therefore, the evidence is sufficient on the conspiracy count.  *Simpson*, 741 F.3d at 547-48.

Woods's challenge to the sufficiency of the evidence supporting the interstate commerce nexus similarly fails.  Irrespective of which standard of

No. 20-10144

review applies,[1] the evidence adduced at trial demonstrates that the emails listed in each of the wire fraud counts crossed state lines. *See United States v. Hoffman*, 901 F.3d 523, 547 (5th Cir. 2018). Consequently, there was sufficient proof to establish an interstate commerce nexus on each of the substantive wire fraud charges. *See id.*; *Vargas-Ocampo*, 747 F.3d at 301.

Woods's challenge to the sufficiency of the evidence supporting the $50,000 money judgment also fails. This court reviews "the district court's findings of fact under the clearly erroneous standard of review, and the question of whether those facts constitute legally proper forfeiture de novo." *United States v. Reed*, 908 F.3d 102, 125 (5th Cir. 2018) (internal quotation marks and citation omitted). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *United States v. Ainabe*, 938 F.3d 685, 690 (5th Cir. 2019) (internal quotation marks and citation omitted), *cert. denied*, 141 S. Ct. 259 (2020). The evidence establishes that Woods was part of a scheme to defraud the Government and that she benefitted from that scheme by receiving a kickback from Anyanwu. The district court's finding that the kickback totaled $50,000 is plausible in the light of the record as a whole. *See id.* Consequently, the district court did not err by ordering the $50,000 forfeiture money judgment. *See Reed*, 908 F.3d at 125.

Finally, we review the district court's interpretation and application of the sentencing guidelines de novo and its factual findings for clear error. *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013). A defendant's

---

[1] The parties dispute the standard of review for this issue. Woods asserts that her general challenge to the sufficiency of the evidence preserved her challenge to the sufficiency of the interstate commerce nexus. The Government contends that Woods waived a sufficiency challenge on this ground due to her specific challenge to the sufficiency of the evidence for the existence of a scheme to defraud, but not the interstate commerce nexus.

base offense level may be increased by two levels if the defendant was an organizer, leader, manager, or supervisor in any criminal activity involving less than five participants. *See* U.S. Sent'g Guidelines Manual § 3B1.1(b). The enhancement may also apply "in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of criminal organization." § 3B1.1 cmt. n.2. The district court's factual finding is plausible in the light of the record as a whole and does not give rise to a firm and definite conviction that a mistake has been committed. *See Zuniga*, 720 F.3d at 590. Consequently, the district court did not abuse its discretion by overruling Woods's objection to the two-level enhancement. *See id.*

AFFIRMED.